UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23561-GRAHAM/GOODMAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

137,779 RENTABLE SQUARE FEET OF
SPACE WITH 636 PARKING SPACES
more or less, at 16320 N.W. 2nd AVENUE,
MIAMI, FLORIDA, and G.K.K., A
PARTNERSHIP, A FLORIDA GENERAL
PARTNERSHIP, et al

        Defendants.
_____/

**AGREED ORDER FOR DIRECT**

**PAYMENT OF ESTIMATED JUST COMPENSATION**

UPON CONSIDERATION of the Joint Motion for Direct Payment of Estimated Just Compensation to Defendant [D.E. 11] filed by Plaintiff, United States of America, and Defendant, G.K.K. a Partnership (hereinafter referred to as "Defendant"), Plaintiff's Notice of Filing Memorandum [D.E. 17], and oral argument at the hearing held before the Court on November 29, 2011, the Court hereby finds that:[1]

1.       Plaintiff, the United States has filed a Complaint in Condemnation and Declaration of Taking in the above-styled case;

---

[1] At the November 29, 2011, hearing, the parties **consented** to Magistrate Jurisdiction over the resolution of the issues presented in the Joint Motion for Direct Payment of Estimated Just Compensation to Defendant [D.E. 11]. The parties memorialized this consent in writing when they submitted their revised proposed order, noting the consent.

2. At or near the time of filing of the Declaration of Taking, Plaintiff deposited into the Registry of this Court the amount of $264,263.97 as estimated just compensation for the property or interest in property taken, thereby vesting title to the estate condemned in the United States; 40 U.S.C. § 3114(b);

3. Plaintiff is required to make monthly payments in the amount of $264,263.97 as estimated just compensation for the property or interest in property taken, as described in the Declaration of Taking;

4. It is less burdensome on both the parties and the Court to have these continuing monthly payments made by electronic transfer from Plaintiff directly to Defendant;[2]

5. In this action, Defendants contend that the estimated monthly payments are insufficient to provide just compensation for the property taken;[3]

6. Defendant has warranted that at the time of the filing of the Declaration of Taking, it was the owner of the interest taken by the United States, which is more particularly described in the Declaration of Taking;

7. Defendant has warranted that it has the exclusive right to the estimated just compensation payments described herein, after payment of unpaid real estate

---

[2] "After a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit . . . ." Fed.R.Civ.P. 71.1(j)(2).  See also 40 U.S.C. § 3114(c)(2).

[3] "Compensation shall be determined and awarded in the proceeding and established by judgment."  40 U.S.C. § 3114(c)(1).  "If the compensation finally awarded is more than the amount of money received by any person entitled to compensation, the court shall enter judgment against the Government for the amount of the deficiency."  40 U.S.C. § 3114(c)(3).  "If the compensation awarded to a defendant is less than the amount distributed to that defendant, the court must enter judgment against the defendant for the overpayment."  Fed.R.Civ.P. 71.1(j)(2).

taxes and assessments, if any, and that no other party is entitled to the same or part thereof by reason of any unrecorded agreement;

8. Defendant has warranted that there are no liens or other encumbrances on the subject property;

9. While Plaintiff, United States of America, agrees to make the monthly payments directly to Defendant, Plaintiff takes no position as to who is entitled to distribution of the funds in this particular case.

**IT IS HEREBY ORDERED THAT:**

10. The Joint Motion for Direct Payment of Estimated Just Compensation to Defendant filed by Plaintiff and Defendant is GRANTED, subject to the following:

    A. If the final award exceeds the amount of the estimated just compensation paid, the amount paid to applicant, including any sums paid there from to others for taxes, liens and encumbrances, shall be partial payment of the final award;

    B. If it is finally determined that applicant is not entitled to receive said estimated just compensation, or any part thereof, applicant agrees to refund into the Registry of this Court said sum paid to applicant, or such part thereof as the Court may direct, with interest at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116 from the date of disbursal of the estimated just compensation to applicant to the date of repayment into the Registry of the Court;

    C.    In the event that a final judgment is entered for just compensation in an amount less than that which has been paid to applicant, including any amount expended for taxes, liens and encumbrances, applicant agrees to refund into the Registry of the Court the amount by which such payments exceed said judgment, with interest at the rate of 52-week Treasury Bills, from the date of disbursal of the estimated just compensation to applicant to the date of repayment into the Registry of the Court, calculated in accordance with the provisions of 40 U.S.C. § 3116;[4] and

    D.    This Order is made without prejudice to Defendant's rights to claim additional compensation for the taking of Defendant's property interest.

    E.    Defendant will hold the United States and this Honorable Court harmless from any and all claims regarding the direct payment of the estimated just compensation made by parties having liens and encumbrances, or other parties who may have been entitled to such compensation or any part thereof by reason of any recorded or unrecorded agreement.

---

[4] This procedure is similar to, if not identical to, the one which would be used if the monthly payments were deposited into the court registry and then disbursed to applicant. Regardless of whether the funds are paid directly to applicant or paid indirectly (through transfers made after direct deposits into the court registry), the applicant would still be obligated to make a refund.

5

WHEREFORE, Plaintiff, the United States of America, may make future monthly estimated just compensation payments directly to Defendant, G.K.K. a Partnership, subject to this Order.

**DONE** and **ORDERED** this 1st day of December, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

cc: Clerk of Court Financial Section
Service List